IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICHOLAS SELLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-365-D |
| | ) |
| AVIATION TRAINING | ) |
| CONSULTING, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant Aviation Training Consulting, LLC's Emergency Motion to Quash Subpoena for Deposition Set with Two Days' Notice and Motion for Protective Order [Doc. No. 76]. The motion represents that Plaintiff's counsel served a subpoena to appear at a deposition on a non-party but only provided two days advance notice in violation of Federal Rule of Civil Procedure 30(b)(1) and LCvR 30.1(a). The deposition is purportedly scheduled for tomorrow.

Before issuing a final ruling on Defendant's motion, Plaintiff should be afforded an opportunity to respond. Accordingly, the parties are prohibited from proceeding with the deposition at this time and Plaintiff is instructed to submit a response to Defendant's motion within 7 days of the date of this Order. *See Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014) (recognizing court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Morrison v. Chartis Prop. Cas. Co.*, No. 13-CV-116-JED-PJC, 2014 WL 5341785, at *1

(N.D. Okla. Oct. 20, 2014) (explaining that "courts have inherent power to quash an untimely subpoena as part of their authority to control litigation before them"). The Court further encourages the parties to make a good faith attempt to resolve by agreement the matters set forth in the motion.

**IT IS SO ORDERED** this 29th day of March, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge