## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

NICHOLAS SELLMAN,               )
                                )
        Plaintiff,              )
                                )
v.                              )        Case No. CIV-22-365-D
                                )
AVIATION TRAINING               )
CONSULTING, LLC,                )
                                )
        Defendant.              )

## ORDER

Before the Court is Defendant Aviation Training Consulting, LLC's Emergency Motion to Quash Subpoena for Deposition Set with Two Days' Notice and Motion for Protective Order [Doc. No. 76]. The motion seeks a protective order precluding the taking of the deposition of Graham Mueller on March 30, 2023 because the deposition notice failed to comply with Federal Rule of Civil Procedure 30(b)(1) and LCvR 30.1(a). Given the short time frame between the filing of the motion and the challenged deposition, the Court stayed the deposition and shortened the time for Plaintiff to file a response. *See* Order of March 29, 2022 [Doc. No. 77]. Plaintiff timely filed a Response [Doc. No. 79] which also includes motions to extend the discovery deadline, extend the summary judgment response deadline, and grant him permission to have ex parte communications with Mr.

Mueller, a former employee of Defendant.[1] Defendant has filed a reply and response [Doc. No. 81].

Federal Rule of Civil Procedure 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." This Court's local rules further provide that "reasonable notice to parties as contemplated by Fed.R.Civ.P. 30(b)(1) for the taking of depositions shall be 14 days" unless the court enters an order "for cause" shortening the time. LCvR 30.1(a). Plaintiff's response essentially concedes that he did not provide 14 days advance notice and did not seek a court order shortening the notice period before scheduling the deposition. For that reason, Defendant's motion seeking to prohibit Plaintiff from proceeding with the deposition scheduled for March 30, 2023 is granted.

Plaintiff now seeks to conduct the deposition outside the discovery period and with less than 14 days' notice. Plaintiff argues that good cause for this request exists because he has been attempting to schedule the deposition prior to the discovery deadline, Defendant's counsel has now had ample notice that he intends to take the witness's deposition, and the testimony is needed to adequately respond to Defendant's summary judgment motion. Defendant does not object to a short, specific extension of the discovery period for the

---

[1] Plaintiff's filing violates LCvR 7.1(c), which states that a "response to a motion may not also include a motion or a cross-motion made by the responding party." Plaintiff's filing also violates LCvR 37.1 which requires all motions relating to discovery to include a certification by the movant that the parties have conferred in good faith concerning the issues raised. Nevertheless, in the interests of judicial time and economy, the Court declines to strike Plaintiff's motions and will address the substantive issues raised by the parties' briefs. Plaintiff's counsel is advised that further violations of procedural and local rules will not be tolerated.

purpose of deposing Mr. Mueller, although it notes that Plaintiff should have anticipated the need for Mr. Mueller's deposition well in advance of Defendant's summary judgment motion. Upon consideration, the Court is persuaded that good cause exists to extend the discovery deadline for the purpose of deposing Mr. Mueller only. Accordingly, the deadline to conduct discovery is extended to April 28, 2023 so that the parties may conduct the deposition of Graham Mueller. The parties are instructed to confer in good faith as to a mutually agreeable time to conduct the deposition and, if necessary, are granted relief from the 14-day notice period contained in LCvR 30.1(a). Plaintiff's motion seeking to extend the deadline to respond to Defendant's motion for summary judgment is denied without prejudice and may be resubmitted once the parties determine the date of the deposition.

Last, the Court has considered Plaintiff's request that he be permitted to engage in informal communications with the witness, who is a former supervisory employee of Defendant. Although there is some conflicting case law, ex parte communications with former employees of an organizational party are generally not prohibited. *See Burke v. Glanz*, No. 11-CV-720-JED-PJC, 2013 WL 2147463, at *2 (N.D. Okla. May 15, 2013); *Floyd v. Sonic Drive-In of Coweta*, LLC, No. CIV-07-135-SPS, 2008 WL 11513030, at *1 (E.D. Okla. Mar. 13, 2008); *Fulton v. Lane*, 829 P.2d 959, 960 (Okla. 1992). Accordingly, Plaintiff's counsel is permitted to engage in ex parte communications with Mr. Mueller,[2] but should refrain from asking the witness to divulge privileged attorney-client communications that may have occurred while Mr. Mueller was employed by Defendant.

---

[2] Of course, counsel should refrain from communicating with Mr. Mueller if he opts to be represented by counsel.

3

As outlined above, Defendant's Motion to Quash [Doc. No. 76] is **GRANTED** with respect to the deposition originally scheduled on March 30, 2023, Plaintiff's Motion [Doc. No. 79] to extend the discovery cutoff and summary judgment response deadline and seeking a determination that Plaintiff may communicate with Mr. Mueller is **GRANTED** in part, and Plaintiff's unopposed motion [Doc. No. 78] seeking to extend the deadline to respond to Defendant's dispositive motion is **DENIED** without prejudice to refiling.

**IT IS SO ORDERED** this 6th day of April, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge